UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP, ) ) ) | |
| Plaintiff ) | Case No. 07 C 6720 |
| ) | |
| v. ) | Judge Charles P. Kocoras |
| ) | |
| JAMES MULLEN, ) | Magistrate Judge Cox |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND FOR ENTRY OF A RECORDS PRESERVATION ORDER

The Defendant, JAMES MULLEN (hereinafter "Mr. Mullen"), by and through his attorneys, Michael M. Lorge and David A. Shapiro of Bronson & Kahn LLC, moves this Court, pursuant to Fed.R.Civ.P. 26 and 34, for an Order (1) to expedite and conduct limited discovery with respect to the Plaintiff's computer system and server and the desktop computer that is the subject of this case; and (2) requiring the Plaintiff to preserve all computer software, data, maintenance logs, archive logs, upgrade logs, records and files and all hardware relevant to the subject matter of this case.

In support of his Motion, Mr. Mullen states as follows:

1. On November 29, 2007, UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP (hereinafter "Imagine") filed its Complaint For Injunctive And Other Relief.  (A copy of which is attached hereto as Exhibit "A.")

2. On November 29, 2007, the Complaint and a Motion For Temporary Restraining Order were served on Mr. Mullen, returnable in Court on

        December 4, 2007 at 9:30 a.m., and Mr. Mullen immediately retained counsel to represent him herein.

3. The gist of the Complaint is that Mr. Mullen, a former employee of Imagine, violated the Computer Fraud And Abuse Act, 18 U.S.C. §1030, *et seq.*, and breached a Non-Disclosure Agreement by, *inter alia*, improperly, irretrievably deleting data from the computer system and/or server to remove and delete various confidential information belonging to Imagine.

4. Defendant no longer has any access to the desktop computer he used or to Imagine's computer system and server. Moreover, Imagine states in its Memorandum of Law in support of its Motion For Temporary Restraining Order that it has not yet been able to determine how Mr. Mullen allegedly deleted all of the data previously stored in his computer, but that the information in question "is not presently available to" it, thereby somehow establishing a "presumptive violation" of the CFAA (Memorandum at p. 4).

5. Mr. Mullen categorically denies that he irretrievably or permanently deleted any files or data from Imagine's computer system and server, otherwise damaged or impaired the system or any data stored on it, or downloaded or otherwise introduced to the computer system or server any software to do so. (See Mr. Mullins' Affidavit attached hereto as Exhibit "B.")

6. However, in order to defend himself from Imagine's claims and accusations, Mr. Mullen's attorneys and experts will need prompt and unimpaired access to Imagine's computer system and server, as well as the desktop computer which he used while employed by Imagine.

7. This access will allow Mr. Mullen's experts and forensic information technology specialists to determine whether any data or files from Imagine's computer system and server or from his desktop computer was irretrievably lost. Such access is <u>the only means to disprove and dispute the allegations and prove that all information is still available to Imagine</u>. Such access must be granted before any hearing on the Temporary Restraining Order.

8. In addition, since it is reasonable to assume that Imagine's experts have or will conduct their own inspection of the subject computer system, Mr. Mullen's experts must be granted the same opportunity to examine and test these computers prior to the hearing on the Temporary Restraining Order in order to prepare a defense.

9. In addition, since the issues at bar concern files and data exclusively under Imagine's control and custody, Mr. Mullen requests that the Court order Imagine and its experts to preserve such files and data, including but not limited to computer software, data, maintenance logs, archive logs, upgrade logs, records and files, and all hardware relevant to the subject matter of this case. Mr. Mullen requests that the Court <u>order Imagine and its experts to preserve such files and data so that it is not accidentally destroyed, corrupted, altered or deleted, and to allow Mr. Mullen to create mirror images of the data and files</u> contained on the desktop computer and the computer system and server prior to any testing or examination being conducted by other parties, including Imagine.

WHEREFORE, the Defendant, JAMES MULLEN, prays for entry of an Order:

A. Expediting his prompt and unimpaired access to the desktop computers and computer system and server maintained by the Plaintiff, UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP;

B. Requiring the Plaintiff, UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP, to preserve all of the computer software, data, maintenance logs, archive logs, upgrade logs, records and files, and all hardware relevant to the subject matter of this case contained in or on its desktop computer and computer system and servers;

C. Allowing Defendant to create mirror images of all of the relevant files and data contained on the Plaintiff's desktop computer and computer system and server; and

D. For such other and further relief as the Court deems appropriate.

      Respectfully submitted:
      Defendant, JAMES MULLEN

      By: _____
           One of His Attorneys

David A. Shapiro
Michael M. Lorge
Clive D. Kamins
Bronson & Kahn LLC
150 North Wacker Drive, Suite 1400
Chicago, Illinois 60606
(312) 553-1700