**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNIVERSAL IMAGINE PRINT GROUP, LLC, | ) | |
| d/b/a IMAGINE PRINT GROUP, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 07 C 6720 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Cox |
| JAMES MULLEN, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE AND OTHER RELIEF**</u>

The Defendant, JAMES MULLEN ("Mullen"), by and through his attorneys,

Michael M. Lorge and David A. Shapiro of Bronson & Kahn LLC, submits this

Memorandum of Law in support of his Motion to Dismiss the Complaint For Injunctive

And Other Relief ("Complaint") of the Plaintiff, UNIVERSAL IMAGINE PRINT GROUP,

LLC, d/b/a IMAGINE PRINT GROUP ("Imagine"), pursuant to Fed.R.Civ.P. 12(b)(6) and

12(b)(1).

<u>**INTRODUCTION AND BACKGROUND**</u>

On November 30, 2007, Mullen was served with the Complaint filed herein, along

with a Motion For Temporary Restraining Order.  The gist of the Complaint is that

Mullen, a former sales manager for Imagine, a local printing company, breached a Non-

Disclosure Agreement ("Agreement") [1]and violated the Computer Fraud And Abuse Act

("CFAA"), 18 U.S.C. §1030, et seq., by (a) deleting data from his desk top computer just

prior to leaving Imagine's employ and (b) taking certain printing job files with him to his

---

[1] Mullen did not sign a non-compete agreement, nor was he ever asked to do so.

new employer.  The foregoing conduct was allegedly discovered on or about November 9, 2007, the date Mullen resigned from his employment with Imagine.  Yet, nowhere is it alleged how Mullen allegedly deleted data from his computer, *e.g.* by merely pressing the "delete key" on his computer or by introducing a software program into his computer with the specific intent to wipe clean all data contained in the hard drive.  Likewise, the Complaint is bereft of any allegations with respect to the type of data deleted, *e.g.*, personal emails vs. pending job tickets, or the damage allegedly sustained as a result of the deletion, *i.e.*, whether the deleted data is still retrievable by Imagine.

The Complaint and more specifically, the proposed TRO Order, request both prohibitive and mandatory injunctive relief, to wit:

1.      That Mullen and all persons acting in concert with him be temporarily enjoined from using or disclosing to any third party the "Confidential Information" or "Employer Property" of Imagine.

2.      That Mullen be enjoined to immediately return to Imagine all "Confidential Information" and "Employer Property" he allegedly took with him from Imagine's premises at or prior to the time of his resignation.

For the reasons that follow, the Count I CFAA claim must be dismissed for failure to state claim upon which relief can be granted and accordingly, the entire Complaint must be dismissed due to lack of subject matter jurisdiction, as said Count is the sole basis for federal subject matter jurisdiction (see Complaint, ¶3).  In addition, the Count V claim for violation of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1, et seq., must be dismissed for failure to state a claim, as there is no allegation that Mullen used any confidential information of Imagine.  Furthermore, as a matter of well established

law, the ITSA claim preempts Imagine's supplemental claims for violation of the Illinois Computer Tampering Act, 720 ILCS 15/16 D-3, et seq. (Count II) and breach of fiduciary duty, since both counts rely on the alleged improper use of the same confidential information as alleged in the ITSA claim.  See ITSA, Section 8, 765 ILCS 1065/8.

## ARGUMENT

### A.     General Legal Guidelines With Respect To Federal Rule 12(b)(6).

A Rule 12(b)(6) motion to dismiss a claim should be granted if it appears that the plaintiff can prove no set of facts pleaded in support of the claim that would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  When deciding the motion the Court should only consider well-pleaded facts as being true.  Powe v. City of Chicago, 664 F.2d 639, 647 (7th Cir. 1981).  While it is the duty of the district court to carefully scrutinize the allegations of the complaint to determine whether they state a claim and accept all factual allegations as true, the court need not close its eyes to the contents of those allegations.  Jones v. Lampe, 845 F.2d 755, 757 (7th Cir. 1988); Fujisawa Pharmaceutical Co. v. Kapoor, 814 F.Supp.720 732, f.n. 14 (N.D.Ill. 1993).  Accordingly, a plaintiff must allege sufficient facts to outline a cause of action, proof of which is essential to recovery.  A.I. Credit Corp. v. Hartford Computer Group, Inc., 847 F.Supp.588, 596 (N.D.Ill. 1994).  And although mere vagueness or lack of detail alone do not constitute sufficient grounds to dismiss a complaint, the absence of facts to support a claim renders the allegations mere legal conclusions subject to dismissal.  Strauss v. City of Chicago, 760 F.2d 765, 767-68 (7th Cir. 1985).  Therefore, a plaintiff cannot avoid dismissal if the complaint merely recites bare legal conclusions. Sullif, Inv. v. Donovan Co., 727 F.2d 647, 654 (7th Cir. 19854).  In addition, the

complaint must contain either direct or inferential allegations concerning all material elements necessary for recovery under the relevant legal theory. Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996); Procopio v. Johnson, 785 F.Supp. 1317, 1318 (N.D.Ill. 1992). Finally, in ruling on the propriety of a motion to dismiss for failure to state a claim, a court need not resolve unsettled questions of law in favor of plaintiffs, Bane v. Ferguson, 890 F.2d 11, 12 (7th Cir. 1989).

### B. The Count I CFAA Claim Fails To State A Claim Upon Which Relief Can be Granted And Must Therefore Be Dismissed.

The Count I CFAA claim, which is Imagine's sole basis for the subject matter jurisdiction of this Court, is deficient on its face and must therefore be dismissed. In Count I, Imagine attempts to manufacture a cause of action where none exists by inartfully mixing apples and oranges in the apparent hope of creating enough confusion to obscure the inherent weakness of its claim. The bottom line, as will be shown, is that Imagine can neither establish any conduct by Mullen that constitutes a violation of the CFAA, nor any "damage" resulting from such alleged wrongful conduct.

Section 1030 of the CFAA provides, in pertinent part, as follows:

**§1030. Fraud and related activity in connection with computers**.

(a)     Whoever --

***

**(5)(a)(i)** knowingly causes the transmission of a program, information, code or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

**(ii)** intentionally accesses a protected computer without authorization, and as a result or such conduct, recklessly causes damage; or

**(iii)** intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage; and

**(B)** by conduct described in clause (i), (ii), or (iii) of subparagraph (A), caused (or, in the case of an attempted offense, would, if completed, have caused)—

**(i)** <u>loss</u> to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, <u>loss</u> resulting from a related course of conduct affecting 1 or more other protected computers) <u>aggregating at least $5,000.00</u> in value; shall be punished as provided in subsection (c) of this section.

***

(e) as used in this section –

(8) the term "<u>damage</u>" means any <u>impairment to the integrity or availability of data, a program, a system or information</u>….

***

(11) the term "<u>loss</u>" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of services….

***

(g) Any person who suffers <u>damage</u> or <u>loss</u> by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  A civil action for a

violation of this section may be brought only if the conduct involves 1 of the

factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B).

Damages for a violation involving only conduct described in subsection

(a)(5)(B)(i) are limited to economic damages.

Once one separates the wheat from the chaff, Count I alleges the following

purported misconduct by Mullen:

1. Mullen left no paper documentation in any desk drawers, file cabinets or

other storage spaces (Complaint, ¶14).

2. Mullen's desktop computer was devoid of any electronic data, all of which

had apparently been erased by Mullen prior to his resignation (Complaint,

¶15).

3. ."…Mullen prepared a handwritten list of printing jobs that were then in

pre-press stage…," some or all of which, <u>on information and belief</u>, were

ultimately obtained by Mullen (Complaint, ¶16).

Imagine incorporates all of the foregoing allegations into its Count I CFAA claim

and then alleges, in wholly conclusory fashion, that "Mullen's wilful misappropriation of

Imagine's… 'Confidential Information' and his wilful destruction of Imagine's… computer

data is a violation of the CFAA, pursuant to which Imagine is entitled to economic

damages, injunctive relief and such further equitable relief as this Court may deem just

and appropriate." (Complaint, ¶23)

What is perfectly clear from the foregoing is that Imagine cannot establish that:

1. Mullen knowingly caused the transmission of a program, information, code

or command which intentionally caused damage without authorization to

either Mullen's computer or Imagine's computer system (see CFAA §1030(5)(A)(i);

2.    Mullen's alleged conduct actually damaged Imagine, i.e., caused any impairment to the integrity or availability of data, a program, a system, or information (see CFAA, §1030(e)(8).

3.    Even if Imagine sustained any loss whatsoever, that such loss somehow can be valued at $5,000.00 or more (CFAA §1030(e)(ii).

4.    Even if Imagine somehow can establish that Mullen violated §1030 by manually deleting some or all of the data stored in his desktop computer, he has failed to articulate any basis for imposition of injunctive relief for such violation -- money damages will clearly suffice since Mullen no longer has access to the subject computer or Imagine's computer system.

The seminal and controlling case with respect to the applicability of the CFAA is International Airport Centers, LLC v. Citrin, 440 F.3d 418 (7th Cir. 2006) (which Imagine appears to concede by its citation thereto).  In Citrin, the defendant, a former employee of plaintiff, decided to go into business for himself, in clear breach of the non-compete provision contained in his employment contract, something that does not exist in the case before this Court.  Prior to quitting, he deleted all the data stored in his computer, including data that related to the improper conduct he had engaged in before deciding to quit.  The defendant accomplished this by loading into his computer "a secure-erasure program, designed, by writing over the deleted files, to prevent their recovery." Id. at 419.  As a result, the plaintiff "had no copies of the files Citrin erased," and apparently no way of recreating or retrieving them.  Id.  This, the Court found, resulted

in "damage" to the files stored in the computer, and therefore constituted an "impairment to the integrity or availability of data, a program, a system or information," in violation of CFAA §1030(e)(8).  Id.

Thus, totally unlike the situation before this Court, in Citrin the defendant caused the irretrievable loss of valuable data and information belonging to the plaintiff by the insertion and transmission of a secure-erasure program.  As the Court stated in Citrin:

> Ordinarily, pressing the "delete" key on a computer (or using a mouse click to delete) does not affect the data sought to be deleted; it merely removes the index entry and pointers to the data file so that the file appears no longer to be there and the space allocated to that file is made available for future write commands.  Such "deleted" files are easily recoverable.
>
> ***
>
> The provision of the Computer Fraud and Abuse Act on which IAC relies provides that whoever knowingly causes the transmission of a program, information, code or command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer [a defined term that includes the laptop that Citron used]," violates the Act. 18 U.S.C. §1030(a)(5)(A)(i). Citrin argues that merely erasing a file from a computer is not a "transmission."  Pressing a delete or erase key in fact transmits a command but it might be stretching the statute too far (especially since it provides criminal as well as civil sanctions for its violation) to consider any typing on a computer keyboard to be a form of "transmission" just because it transmits a command to the computer.  [emphasis added]

See also: Worldspan, L.P. v. Orbitz, LLC, 2006 WL 1069128, *5 (N.D. Ill., J. Grady) (the mere taking of information does not constitute "damage" under the CFAA; impairment is required); Hasan v. Foley & Lardner, LLP, 2007 WL 2225831, *4-*6 (N.D. Ill., J. Zagel) (no "damage" or "loss" established to support CFAA claim).

Thus, here, unlike the facts and circumstances in <u>Citrin</u>, it is clear from the face of the Complaint that Imagine can not establish, nor will it ever be able to do so in the future, that Mullen violated §1030(a)(5)(A)(i) of the CFAA.  He did not install, insert, load or transmit a program that resulted in the deletion of Imagine's computer files. Moreover, he did not cause any "damage" or "loss" to Imagine as a result of his manual deletion of the emails stored in his desktop computer.  Accordingly, Count I of the Complaint must be dismissed, with prejudice.  In addition, because the Count I CFAA claim is the <u>sole</u> basis for the subject matter jurisdiction of this Court, the supplemental claims must also be dismissed as a matter of law, even if they were to be found to state a cause of action.  See: <u>Kennedy v. Schoenberg, Fisher & Newman, Ltd.</u>, 140 F.3d 716, 727 (7th Cir. 1998).

WHEREFORE, the Defendant, JAMES MULLEN, prays as follows:

A.      That Count I of the Complaint be dismissed, with prejudice;

B.      That Counts II-V of he Complaint be dismissed, without prejudice;

C.      That the Motion For Temporary Restraining Order be denied; and

D.      For such other and further relief as the Court deems just and appropriate.

Respectfully submitted:
Defendant, JAMES MULLEN

By: _____
        One of His Attorneys

David A. Shapiro
Michael M. Lorge
Clive D. Kamins
Bronson & Kahn LLC
150 North Wacker Drive, Suite 1400
Chicago, Illinois 60606
(312) 553-1700