UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP,<br><br>    Plaintiff<br><br>v.<br><br>JAMES MULLEN,<br><br>    Defendant. | Case No. 07 C 6720<br><br>Judge Charles P. Kocoras<br>Magistrate Judge Cox |

## TEMPORARY RESTRAINING ORDER AND ORDER GRANTING EXPEDITED DISCOVERY AND PRESERVING RECORDS

This Cause Coming On to be heard on the Motion of the Plaintiff, UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP, for the entry of a Temporary Restraining Order against the Defendant, JAMES MULLEN, and Defendant's Motion For Expedited Discovery, the Court being fully advised in the premises and having heard the argument of counsel;

THE COURT MAKES THE FOLLOWING FINDINGS:

    a)     Based solely upon the verified allegations pled in the Complaint for Injunctive and Other Relief, the Plaintiff has demonstrated a likelihood of success on the merits of his claim that Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et seq. In addition, Plaintiff has established a likelihood of success on the merits of his claim that Defendant breached the terms of his written Non-Disclosure Agreement.

    b)     Based solely on the verified allegations pled in the Complaint for Injunctive and Other Relief, the Plaintiff has established that it possesses an inadequate remedy at law;

c) Based solely on the verified allegations pled in the Complaint for injunctive and Other Relief, the Plaintiff has established the existence of an imminent threat of irreparable harm;

d) Based solely upon the verified allegations pled in the Complaint for Injunctive and Other Relief, the Plaintiff has established that the harm that has accrued to Plaintiff outweighs the potential harm that may accrue to the Defendant by virtue of the entry of the requested Temporary Restraining Order; and

e) Based solely upon the verified allegations pled in the Complaint for Injunctive and Other Relief, the Plaintiff has established that the entry of the requested Temporary Restraining Order will not compromise or undermine the public interest.

BASED UPON THE FINDINGS SET FORTH ABOVE, IT IS HEREBY ORDERED:

1. James Mullen is temporarily enjoined from using or disclosing to a third-party, any "Confidential Information" or "Employer Property" of the Plaintiff, as defined below.

For purposes of this Temporary Restraining Order, the term "Confidential Information" shall include all information of the Plaintiff encompassed in any business plans; All financial documents of the Plaintiff; The business practices of the Plaintiff or any of its clients, vendors or suppliers; The fees the Plaintiff charges for its services (except for public fee lists); All business, marketing and expansion plans, ideas, or strategies; All financial performance and financial projections of the Plaintiff; All employee compensation or other personnel information of the Plaintiff; All information related to private internal communications, emails, or files of the Plaintiff, whether written or in electronic format, and; All information, concepts or ideas related to the Plaintiff's business that have not previously been publicly released by a duly authorized representative of the Plaintiff.

2

For purposes of this Temporary Restraining Order, "Employer Property" shall include all documents, files and other things belonging to the Plaintiff, whether written or in electronic format, including but not limited to reports, plans and proposals that came into the Defendant's possession by reason of his employment with the Plaintiff.

2. Defendant James Mullen is mandatorily enjoined to return to the Plaintiff all "Confidential Information" and "Employer Property" taken by him from the Plaintiff's business premises at or prior to the time that he resigned his employment with the Plaintiff, no later than the end of business on December 6, 2007. Any information or documents returned by Mr. Mullen to Plaintiff shall be without prejudice to Mr. Mullen's right to contest the confidential nature of such information or documents during the course of this litigation.

3. This Temporary Restraining Order shall be deemed to be in effect commencing December 4, 2007 at 10:30 a.m. and continuing until December 13, 2007 at 4:30 p.m., or until further order of Court.

4. Defendant's Motion For Leave To Conduct Expedited Discovery And For Entry Of A Records Preservation Order is granted and accordingly Plaintiff shall comply with said Order as follows:

    A. Allow Defendant's experts and attorneys reasonably prompt and unimpeded access to the subject desktop computer and those server locations to which the subject computer had access on or prior to November 9, 2007, subject to execution of a mutually agreeable confidentiality agreement;

    B. Preserve all of the computer software, data, maintenance logs, archive logs, upgrade logs, records and files, and all hardware relevant to

the subject matter of this case contained in or on the subject desktop computer and those server locations to which the subject computer had access on or prior to November 9, 2007;

C. Allow Defendant to create forensic images of all of the relevant files and data contained on the subject desktop computer and those server locations to which the subject computer had access on or prior to November 9, 2007.

5. The parties' respective counsel shall immediately deliver a copy of this Order to their clients.

6. Cause set over for report on status to December 13, 2007 at 9:45 a.m.

Date: 12/6/07

**ORDER:**

Enter: _Charles P. Kocoras_
Judge

Jeffrey H. Bunn
Megan M. Mathias
Horwood Marcus & Berk Chartered
180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 606-3200


David A. Shapiro
Michael M. Lorge
Clive D. Kamins
Bronson & Kahn LLC
150 North Wacker Drive
Suite 1400
Chicago, Illinois 60606
(312) 553-1700

4

392052/1/2932.000