UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP | ) ) ) | Case No. 07 C 6720 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Charles P. Kocoras Magistrate Judge Cox |
| JAMES MULLEN, | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP, ("Imagine Print Group"), by and through its attorneys, Horwood Marcus & Berk Chartered, for its Response to Defendant's Motion to Dismiss Plaintiff's Complaint states as follows:

### I.      INTRODUCTION

Defendant makes much ado about Plaintiff's Complaint in the Motion to Dismiss; seeking to dismiss Plaintiff's claims for failure to state a claim yet failing to acknowledge federal notice pleading standards. Defendant's Motion to Dismiss should be denied because Plaintiff's allegations in its Complaint exceed federal notice pleading requirements, and the issue as to whether or not certain of Plaintiff's claims are preempted is premature at this stage of pleading in this case.

### II.      STANDARD OF REVIEW

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P*. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of

what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (other citation omitted). Defendant's Motion to Dismiss, and Memorandum of Law in support thereof, focus on what Defendant believes Imagine Print Group cannot "establish." *Def.'s Memorandum of Law in Support of His Mot. to Dismiss*, p. 4, par. 1. Defendant even cites outdated case law in support of his arguments. *Mot. to Dismiss*, p. 3, par. 1, citing *Conley v. Gibson*. The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955 (2007) retired the *Conley* standard and imposed what has been interpreted by the Seventh Circuit as two "easy-to-clear" hurdles on a pleader – fair notice to defendants of claim and grounds and plausible allegations. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007).

When deciding a motion to dismiss a Plaintiff's complaint, the Court construes the pleading liberally in the pleader's favor, presumes that all well-pleaded allegations as true and resolves all doubts and inferences in the pleader's favor. *Bell Atlantic, 127 S.Ct.* at 1965. The Seventh Circuit has interpreted the recent Supreme Court cases to mean that at some point the factual detail may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under F.R.C.P. 8. *Airborne Beepers & Video, Inc., v. AT&T Mobility LLC,* 499 F.3d 663; 2007 U.S.App. LEXIS 20214 (7th Cir. 2007).

Here, Plaintiff pleads allegations that give color its claims and give rise to the plausibility of its claims against Defendant. Defendant is wrong that Plaintiff's Complaint is insufficient under federal notice pleading standards and as such, his Motion to Dismiss should be denied.

III. **PLAINTIFF'S COMPLAINT CLEARS THE LOW HURDLES IMPOSED BY *TRUMBLY* AND STATES A CLAIM UNDER FEDERAL NOTICE PLEADING STANDARDS**

Plaintiff alleges facts that unambiguously put Defendant, and this Court, on notice as to Plaintiff's claims and the grounds therefor. Defendant's Motion to Dismiss Count I and Count V of the Complaint is based solely on whether Imagine alleges that Defendant used any confidential information. *Mot. to Dismiss*, p. 3 par, 7; *Memorandum of Law in Support of Mot. to Dismiss*, p. 2, par. 3. However, there is no requirement in federal court's that Plaintiff allege facts to support each element of the claim. The Seventh Circuit has distinguished notice pleading by stressing that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset'". *Lang v. TCF Bank*, 2007 U.S. LEXIS 22588 (7th Cir. 2007).

Imagine Print Group alleges facts to support the plausibility of its claims against Defendant – that after five years of service as a Sales Manager, the laptop Defendant used during his employment was completely devoid of any electronic data immediately following Defendant's abrupt resignation. *Compl*. at par. 15. Moreover, Plaintiff alleges that Defendant deviated from the standard business protocol at Imagine Print Group and caused certain files to be downloaded onto a computer disk without a job ticket and without a legitimate business purpose. *Compl*. at par. 16-17. These facts give rise to the claim that Defendant violated the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §1030 contribute to the plausibility of the claims against Defendant and meet the threshold of notice and plausibility required by federal courts.

Plaintiff is not required to prove its claim at this juncture.  Plaintiff has alleged facts which give rise to a claim under the CFAA, and clearly identify the grounds therefor. Accordingly, Defendant's Motion to Dismiss should be denied.

IV.	**FEDERAL RULES ALLOW FOR PLEADING IN THE ALTERNATIVE AND DEFENDANT'S PREEMPTION ARGUMENT IS PREMATURE**

Defendant argues in his Motion to Dismiss that it is "a matter of well settled law" that Plaintiff's claim for violation of the Illinois Trade Secrets Act ("ITSA") preempts its claims for violation of the Illinois Computer Tampering Act ("ICTA") and breach of fiduciary duty.  *Mot. to Dismiss*, p. 2-3.  Defendant contends that the "preempted" claims should be dismissed. *Id*. However, Rule 8(d) clearly provides for alternative or inconsistent claims for relief.  *Fed. R. Civ. Pro. 8(d)*.  To the extent any of Plaintiff's claims are inconsistent, such inconsistency is not a basis to dismiss the Complaint.

The evaluation of whether the information entrusted to Defendant would qualify as a trade secret, and therefore preempt under ITSA other claims made by Plaintiff which are grounded on this fact, is premature and not appropriate at this stage of pleading.  *See, e.g., Combined Metals of Chicago Ltd. Partnership v. Airtek, Inc.*, 985 F.Supp. 827 (N.D. Ill. 1997) (finding that dismissal, based on the preemption provision, of defendant's counterclaim for breach of fiduciary duty would be premature where there was a possibility that the information entrusted to plaintiff would not qualify as a trade secret).  Claims of breach of fiduciary duty are not necessarily preempted by the ITSA, and require an analysis of whether such claims were based on the appropriation of trade secrets.  *United States Gypsum Co., Lafarge N. Am, Inc.,* 508 F.Supp.3d 601(N.D. Ill. 2007).

Defendant makes a conclusory statement in his Motion to Dismiss that the ICTA and breach of fiduciary duty claims rely on the alleged improper use of the same confidential

information as alleged in the ITSA claim and that they are therefore preempted. *Mot. to Dismiss*, p. 2-3.  However, Defendant does not evaluate – because it is premature to do so – how the claims are based upon misappropriation of trade secrets, whether the information qualifies as a trade secret and how such claims are preempted.  The fact is, that the evaluation of the information available at this stage of pleading is inappropriate and not a basis for dismissal.  A more appropriate venue for such a detailed evaluation is in a motion for summary judgment.  Accordingly, Defendant's Motion to Dismiss should be denied in its entirety.

**V.     CONCLUSION**.

Defendant relies on outdated case law and asserts an unsupported argument in an attempt to dismiss Plaintiff's well-plead complaint.  Plaintiff's Complaint alleges sufficient facts, which show that it is plausible that Defendant violated the CFAA and other ITSA.  The evaluation necessary to determine whether preemption applies here is inappropriate at this juncture.

Plaintiff Universal Imagine Print Group, LLC d/b/a Imagine Print Group, hereby requests that Defendant's Motion to Dismiss be denied and for such other relief that his Court deems just under the circumstances.

        Respectfully submitted,

        **UNIVERSAL IMAGINE PRINT GROUP, LLC.**
        **d/b/a IMAGINE PRINT GROUP**
            **Plaintiff.**


        By: _____/s/ Megan M. Mathias_____
                One of Its Attorneys


Jeffrey H. Bunn (ARDC NO. 3126903)
Megan M. Mathias (ARDC NO. 6280497)
**HORWOOD MARCUS & BERK CHARTERED**
180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 606-3200

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that a copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** has been filed electronically December 7, 2007.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system:

    Clive D. Kamins, Esq.
    David Allen Shapiro, Esq.
    BRONSON & KAHN, LLC
    150 North Wacker Drive
    Suite 1400
    Chicago, Illinois 60606

    Michael M. Lorge, Esq.
    BRADSHAW, FLOWER, PROCTOR & FAIRGRAVE PC
    801 Grand Avenue
    Suite 3700
    Des Moines, Iowa 50309

                          /s/ Megan M. Mathias