UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL IMAGINE PRINT GROUP, LLC, ) <br> d/b/a IMAGINE PRINT GROUP, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> JAMES MULLEN, ) <br> ) <br> Defendant. ) | Case No. 07 C 6720 <br><br> Judge Charles P. Kocoras <br> Magistrate Judge Cox |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR**
**INJUNCTIVE AND OTHER RELIEF**

The Defendant, JAMES MULLEN ("Mullen"), by and through his attorneys, Michael M. Lorge and Clive D. Kamins of Bronson & Kahn LLC, in support of his Motion to Dismiss the Complaint For Injunctive And Other Relief ("Complaint") of the Plaintiff, UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP ("Imagine"), states as follows:

**PREFACE**

There are some cases which do not belong in Federal Court. Imagine's Response to the Motion to Dismiss conclusively demonstrates that this is one such case. The sole basis for federal subject matter jurisdiction in the case at bar is the alleged violation of the Computer Fraud And Abuse Act ("CFAA"), 18 U.S.C. §1030, et seq. Before looking at any other issues, such as the alleged breach of Non-Disclosure Agreement, the Court must first determine if, standing alone, the thin allegations regarding the subject desktop computer satisfy all requirements for stating a private

action under the CFAA.  Without the CFAA claim, this case is nothing more than a garden variety dispute between and an employer and its former employee, which can and should be dealt with in State Court.

From time to time, new legislation is created for a specific purpose, but litigators find application in civil cases never intended or contemplated by the legislature.  By example, in the 1980's, Federal Courts were inundated with RICO actions added to every possible commercial dispute until the Court clamped down.  So it will be with the overzealous and misplaced use of the CFAA.  This statute, which was clearly designed to stop computer hackers and identity thieves,[1] was never meant to be used against an employee who executes a simple deletion of personal email, from his desktop computer, whether it is on his first day or his last day of employment.  There is no sanction or prohibition in the workplace against the mere manual deletion of emails and certainly the Citrin case demonstrates this proposition.

## ARGUMENT

A. **Because The Court I CFAA Claim Fails To State A Cause Of Action, The Entire Action Must Be Dismissed For Lack Of Subject Matter Jurisdiction.**

Imagine hangs its jurisdictional hat on the "low hurdles" imposed by notice pleading[2].  Its reliance on this low hurdle demonstrates that it has no case.  Federal subject matter jurisdiction is a statutory hurdle which must exist and be properly pled,

---

[1] As stated in International Airport Centers, LLC v. Citrin, 440 F.3d 418, 420 (7th Cir. 2006): Congress was concerned with both types of attack: attacks by virus and worm writers, on the one hand, which come mainly from the outside, and attacks by disgruntled programmers who decide to trash the employer's data system on the way out (or threaten to do so in order to extort payments) on the other.  See also: International Ass'n of Machinists and Aerospace Workers v. Werner-Masuda, 390 F.Supp.2d 479, 495-96 (D.Md. 2005) citing S.Rep.No. 101-544, at 4-5 (indicating that a civil cause of action was created under the CFAA to redress damage and loss as a result of serious computer abuse, such as transmission of computer "viruses" and "worms").  (Emphasis added.)

[2] In FAIP v. North America, Inc., 2005 WL 3436398, 2 (N.E. Ill.), this court noted that despite the liberal notice pleading standard, "to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action."

J:\X FILES\000--LITIGATION--000\Mullen advs. Universal Image\Reply-Support-Motion-Dismiss-v2.doc

2

for the case to remain in Federal Court. The use of the CFAA to force federal jurisdiction on a garden variety business tort dispute is a misuse thereof. As is more fully argued in the Memorandum in Support of the Motion to Dismiss, in order to establish a violation of the CFAA, Imagine must allege facts establishing:

1. Mullen knowingly caused the <u>transmission</u> of a program, information, code or command which intentionally caused damage without authorization to either Mullen's computer or Imagine's computer system (see CFAA §1030(5)(A)(i));

2. Mullen's alleged conduct actually damaged Imagine, i.e., <u>caused any impairment to the integrity or availability of data, a program, a system, or information</u> (see CFAA, §1030(e)(8)); and

3. If Imagine sustained any loss whatsoever, that such loss somehow can be <u>valued at $5,000.00 or more</u> (CFAA §1030(e)(ii)). (Emphasis added)

Imagine argues that it has alleged "facts which give rise to a claim under the CFAA." (see Plaintiff's Response to Defendant's Motion to Dismiss ("Response"), page 4). Imagine bases this claim on the fact that it has alleged "that Defendant deviated from the standard business protocol at Imagine Print Group and caused certain files to be downloaded onto a computer disk without a job ticket and without a legitimate business purpose." <u>Id</u>. at 3. Based on the three fact requirements cited above in order to state a cause of action under the CFAA, it is not clear why this set of facts was even alleged. The CFAA does not appear to preclude employees from downloading data <u>from</u> a computer. The CFAA creates a cause of action where programs, information, code or commands are downloaded <u>onto</u> a computer causing damage. At no point in its

J:\X FILES\000--LITIGATION--000\Mullen advs. Universal Image\Reply-Support-Motion-Dismiss-v2.doc

3

Complaint or in its Response does Imagine ever allege that there was a "transmission," as the CFAA requires. There is a vast difference between copying data <u>from</u> a computer onto a disk, which Imagine has alleged, and transmitting a program, information, code or command <u>onto</u> a computer, which Imagine has not alleged.

There is also a vast difference between deleting data by pressing the "delete" key, and permanently deleting data from a computer using a secure erasure program. At no time does Imagine allege any conduct on Mullen's part other than the fact that certain data was deleted. The <u>Citrin</u> Court clearly distinguished between the two acts, and Imagine has not alleged that Mullen has taken part in any conduct outside of simply pressing a delete key.

Because Count I of the Complaint fails to allege the prerequisites for a private action under the CFAA, it must be dismissed, and the action as a whole must be dismissed for lack of federal subject matter jurisdiction.

      **B.**    **Counts II And IV Must Be Dismissed For Failure To State A Claim.**

Imagine's <u>only</u> argument in support of its claims for violation of the Illinois Computer Tampering Act, 720 ILCS 15/16 D-3, et seq. (Count II) and breach of fiduciary duty (Count IV), is that Mullen's reliance on the preemption provisions of the Illinois Trade Secrets Act (ITSA) Section 8, 765 ILCS 1065/8, is "premature".

In support of its prematurity argument, Imagine relies on <u>Combined Metals of Chicago Ltd. Partnership v. Airtek, Inc</u>., 985 F. Supp. 827 (N.D. Ill. 1997) and <u>United States Gypsum Company v. LaFarge North America, Inc</u>., 508 F.Supp. 2d 601 (N.D. Ill. 2007). However, these two cases represent a minority view in this Circuit. See: <u>Burbank Grease Services, LLC v. Sokolowski</u>, 278 Wis. 2d 698, 693 N.W. 2d 89:

J:\X FILES\000--LITIGATION--000\Mullen advs. Universal Image\Reply-Support-Motion-Dismiss-v2.doc

4

> Burbank urges us to follow the approach of a minority of cases holding that claims are not preempted if they are based on the unauthorized use of information that does not meet the statutory requirements of a trade secret. However, we do not find these cases persuasive. In <u>Combined Metals of Chicago Ltd. Partnership v. Airtek, Inc</u>., 985 F. Supp. 827 (N.D. Ill. 1997) the court agreed with the claimant that dismissal of its claim of breach of a fiduciary duty on preemption grounds was premature, because if the information did not prove to be a trade secret under the Illinois statute, as alleged, the preemption provision was inapplicable. The court's analysis is brief and does not discuss, let alone counter, the reasoning relied on by the many courts that have come to the opposite conclusion. (at p.100-01)

See also, <u>RRK Holding Company v. Sears Roebuck and Co.</u>, 2007 WL 495254 (N.D. Ill. 2007):

> Plaintiff cites to <u>Combined Metals of Chicago Ltd. Pshp. v. Airtek, Inc.</u>, where it was determined that a dismissal of the unjust enrichment claim was premature when the trade secret misappropriation claim may yet be dismissed, pending amendment. 985 F. Supp. 827 (N.D.Ill. 1997). This is inapposite to the present case, where a trade secret misappropriation claim is validly asserted. Where the trade secret misappropriation claim is present, it preempts an unjust enrichment claim under section 8 of the ITSA. Thus, Defendant's motion for summary judgment of the unjust enrichment count is granted.

Therefore, it is clear that the ITSA claim preempts Imagine's supplemental claims for violation of the Illinois Computer Tampering Act, 720 ILCS 15/16 D-3, et seq. (Count II) and breach of fiduciary duty (Count IV), since <u>both</u> counts rely on the alleged improper use of the <u>same</u> allegedly confidential information as alleged in the Count V ITSA claim.

WHEREFORE, the Defendant, JAMES MULLEN, prays as follows:

A.   That Count I of the Complaint be dismissed, with prejudice;

B.   That Counts II-V of the Complaint be dismissed, without prejudice;

J:\X FILES\000--LITIGATION--000\Mullen advs. Universal Image\Reply-Support-Motion-Dismiss-v2.doc

5

C. That the Court decline to retain supplemental jurisdiction over the state law claims, Counts II-IV; and

D. For such other and further relief as the Court deems just and appropriate.

    Respectfully submitted:
    Defendant, JAMES MULLEN

    By: __/s/Clive D. Kamins_____
          One of His Attorneys

Michael M. Lorge
David A. Shapiro
Clive D. Kamins
Bronson & Kahn LLC
150 North Wacker Drive
Suite 1400
Chicago, Illinois 60606
(312) 553-1700

J:\X FILES\000--LITIGATION--000\Mullen advs. Universal Image\Reply-Support-Motion-Dismiss-v2.doc

6