UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL IMAGINE PRINT GROUP, LLC, d/b/a IMAGINE PRINT GROUP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 07 C 6720 |
| JAMES MULLEN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant James Mullen to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion, Mullen is a former sales manager of Plaintiff Universal Imagine Print Group ("Imagine"). Imagine operates a commercial printing business and provides graphic arts services for its customers.

As part of his employment, Mullen executed a nondisclosure agreement in February 2005. In it, he agreed that he would not disclose to others or use for his own purposes any "Confidential Information" of Imagine, defined as

> information of [Imagine] encompassed in all plans, financial information, and costs; the practices of the Employer or any of its clients, vendors or suppliers; the fees [Imagine] charges for its services (except for published fee lists); business, marketing and expansion plans, ideas, or strategies; financial performance and projections; employee compensation or other personnel information; information related to private internal communications, emails, or files...; the existence or terms of this Agreement; and all information, concepts, or ideas in or reasonably related to [Imagine's] business that have not previously been publicly released by [sic] duly authorized representative of [Imagine.]

Mullen also agreed not to disclose to others or use for his own purposes any property of Imagine that fell within the definition of "Employer's Property" set out in the agreement.

On November 9, 2007, Mullen resigned his position as a sales manager at Imagine. He had not given notice of his intent to do so. When Mullen's office was searched after he announced his resignation, no papers were found in his desk, file cabinets, or other storage spaces. In addition, his desktop computer contained no data. Approximately three weeks before his departure, Mullen had sought and obtained electronic copies of some print jobs that were in the pre-press stage. According to Imagine, there was no legitimate business purpose for Mullen to request these copies.

Approximately three weeks later, Imagine filed a five-count complaint against Mullen. The complaint sets out causes of action based on violations of federal and state statutes as well as breach of contract and breach of fiduciary duty. The statutory counts allege violations of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*; the Illinois Computer Tampering Act, 720 ILCS 5/16D-3 *et seq.*; and the Illinois Trade Secrets Act ("ITSA"), 765 ILCS § 1065/1 *et seq*. Mullen then filed a motion to dismiss these statutory claims, claiming that each failed to state a claim upon which relief could be granted and that if the CFAA claim was dismissed, federal jurisdiction would not be present over the remaining four counts, warranting their dismissal under Fed. R. Civ. P. 12(b)(1).

Because the parties urged that time was of the essence, we expedited an examination of the CFAA claim and informed the parties during a hearing on December 13, 2007, that it did state a claim. Consequently, jurisdiction was present pursuant to 28 U.S.C. § 1331 and § 1367, and 12(b)(1) dismissal was not appropriate. Defendants indicated that they wished to press the 12(b)(6) motion directed toward Counts II and IV.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling

on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we consider the instant motion.

### DISCUSSION

In the portion of his motion not predicated on the jurisdiction, Mullen argues that Count II, Imagine's Illinois Computer Tampering Act claim, and Count IV, its breach of fiduciary duty claim, must be dismissed because they are preempted by the ITSA claims set out in Count V. The applicable provision of ITSA states that it:

> is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of [Illinois] providing civil remedies for misappropriation of a trade secret.

However, ITSA specifically provides that it does not affect civil remedies that are not based upon misappropriation of a trade secret. 765 ILCS 1065/8(b). "Trade secret" is defined by ITSA as

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d).

Count V asserts that Mullen violated ITSA through his alleged actions with respect to Imagine's Confidential Information. Counts II and IV are also based on Mullen's alleged conduct involving that information. According to Mullen, ITSA's preemption provision precludes Imagine from using the Confidential Information as the underpinning of these other two counts.[1]

A comparison of the broad definition of the term Confidential Information and the statutory definition of trade secret shows that a 12(b)(6) dismissal is not appropriate in this case. Several of the categories of information classified as Confidential Information, such as personnel information or other information not available to the

---

[1] The complaint also refers to the taking of Employer's Property as a predicate for both Counts II and IV. However, the parties have focused their attention solely on the Confidential Information with respect to the motion to dismiss.

public, may prove to be outside the scope of a trade secret because its continued secrecy does not provide economic value to Imagine. If the information does not qualify as a trade secret, the availability of civil remedies designed to address unlawful disclosure or use would be unaffected by ITSA. 765 ILCS 1065/8(b).

Moreover, resolution of the preemption question set out in the instant motion would require determinations such as what information Mullen took, if any; whether it falls into one of the categories set out in the nondisclosure agreement; and whether it has all of the attributes of a trade secret. Development of underlying facts is necessary to properly make these determinations; these types of issues cannot be resolved in the context of a 12(b)(6) motion. Counts II and IV do not fail to state claims upon which relief can be granted, and Mullen's motion to dismiss them is therefore denied.

## CONCLUSION

The motion to dismiss [8] is denied in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   January 4. 2008